# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Richmond Division

UNITED STATES OF AMERICA

v.

VIOREL ANTOANEL NABOIU,
a/k/a LUIGI LATORZA

Defendant.

Case Number: 3:18-CR-00075-REP-2

USM Number: 26078-017

Defendant's Attorney: CHARLES A. GAVIN

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1 and 10 of the Indictment.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. § 1349 | CONSPIRACY TO COMMIT BANK FRAUD | Felony | 05/07/2018 | 1 |
| 18 U.S.C. § 1028A(a)(1) | AGGRAVATED IDENTITY THEFT | Felony | 03/03/2018 | 10 |

On motion of the United States, the Court has dismissed the remaining counts in the indictment (Counts 2-7, 8-9, and 11-12) as to defendant VIOREL ANTOANEL NABOIU.

As pronounced on January 17, 2019, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Date of imposition of judgment this 17th day of January, 2019.

/s/ REP

Robert E. Payne
Senior United States District Judge

Dated: January 23, 2019

Case Number:　　　3:18-CR-00075-REP-2
Defendant's Name:　　NABOIU, VIOREL ANTOANEL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of SIXTY-FIVE (65) MONTHS. This term of imprisonment consists of a term of FOURTY-ONE (41) MONTHS on Count 1 and a term of TWENTY-FOUR (24) MONTHS on Count 10, all to be served consecutively.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　By　　_____
　　　　　　　　　　　　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

Case Number: 3:18-CR-00075-REP-2
Defendant's Name: NABOIU, VIOREL ANTOANEL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS. This term consists of a term of FIVE (5) YEARS on Count 1 and a term of ONE (1) YEAR on Count 10, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number: 3:18-CR-00075-REP-2
Defendant's Name: NABOIU, VIOREL ANTOANEL

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall pay the balance owed on any court-ordered financial obligations in monthly installments of not less than $50.00 or 25% of gross monthly income, whichever is greater, starting 60 days after supervision begins until paid in full.

2) As a condition of supervised release, upon completion of the term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official of the Department of Homeland Security Bureau of Immigration and Customs Enforcement for deportation in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. Section 1101, et seq.

3) As a further condition of supervised release, if ordered deported, the defendant shall remain outside of the United States.

Case Number: 3:18-CR-00075-REP-2
Defendant's Name: NABOIU, VIOREL ANTOANEL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Page 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $150,244.15 |
| 10 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$200.00** | **$0.00** | **$150,244.15** |

# FINES

No fines have been imposed in this case.

# RESTITUTION

The defendant must make restitution to the following payees in the amount listed below.

| | |
|---|---|
| Branch Banking and Trust (BB&T)<br>Attn: Kevin R. Wolfe<br>CFS Assistant Vice President, Senior Corporate Investigator<br>3214 Skipwith Road<br>Richmond, Virginia 23294-4410 | $150,244.15 |
| **Total Restitution** | **$150,244.15** |

*See attached Restitution Order entered on January 22, 2019.*

Case Number: 3:18-CR-00075-REP-2
Defendant's Name: NABOIU, VIOREL ANTOANEL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment and restitution shall be due in full immediately.

Interest on the restitution is waived. On any unpaid balance, the defendant shall pay to the Clerk at least $50.00 or 25% of gross monthly income, whichever is greater, per month beginning 60 days from the inception of supervised release.

The defendant is jointly and severally liable for restitution with the following co-defendant: FLORIN BERSANU, docket no. 3:18-CR-00075-001.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

·